HENDERSON *v.* JOSEY.

4-6320                                     150 S. W. 2d 48

Opinion delivered April 21, 1941.

*Maurice L. Reinberger* and *Galbraith Gould,* for appellant.

*Rowell, Rowell & Dickey* and *Arnold Fink,* for appellee.

McHANEY, J.   Appellant, D. J. Henderson, a Negro, is now about 80 years of age and is living with his third wife, the other appellant, Eliza Henderson.   He had twelve children by his first wife, six of whom are now living, two by his second wife, and none by his present and third wife, Eliza.   Appellee, Addie Williams Josey, is a child by his first wife.   On November 6, 1936, appellant, D. J. Henderson, executed his will whereby he divided his property among his children.   Through hard labor and frugality, he had accumulated a substantial fortune, consisting of about $4,000 cash in bank, a farm of 80 acres worth $4,000 or $5,000, and considerable personal property on the farm.   Addie appeared to be his favorite child and on June 4, 1938, he and his wife conveyed to her the 80 acres of land in question, reserving

a life estate therein during their natural lives. About the same time she persuaded her father to turn over to her the funds in bank on which he was drawing two per cent. interest as savings, on her promise to deposit same in a bank in Kansas City, where she was then living, at four per cent. On the same date, June 4, 1938, he executed to her a bill of sale conveying to her all his farm equipment, and four days later she mortgaged the farm equipment to appellee, A. W. Lowe, for $150. A little more than a year later she deeded the 80-acre tract back to her father and he and his wife then executed to her their deed conveying the fee, thereby destroying the life estate reserved in the former deed. This deed was dated August 3, 1939, and on the next day she conveyed by warranty deed the same land to appellee, G. D. Long, who gave her a written agreement permitting her to redeem the land on or before August 4, 1940, on the payment of $600 with ten per cent. interest. Shortly thereafter appellants learned of this deed by Addie to Long and thereupon brought this action to cancel their deed to her on the grounds of fraud and undue influence and to cancel the conveyance to Long and the chattel mortgage to Lowe on the ground that they knew of the fraud practiced upon them and were in effect parties to it, and to recover from Addie a judgment for the nearly $4,000 she had fraudulently procured from him to be deposited at four per cent. in Kansas City banks, and which she had converted to her own use and benefit. Appellees defended on a general denial and on the allegation that the conveyances made were *bona fide* and of his own free will, without coercion or undue influence by Addie.

Trial resulted in a decree dismissing the complaint for want of equity and sustaining the chattel mortgage to Lowe and the deed to Long as valid mortgages, subject to foreclosure. This appeal followed.

We think the learned trial court erred in refusing to cancel the deed of appellants to Addie, dated August 3, 1939, and in refusing a judgment against her for the money she secured from them, including the amount realized by her on the two mortgages and the interest

thereon. The great preponderance of the evidence establishes the fact that she deliberately undertook to and did succeed in denuding her old father of all his earthly possessions, on the theory that she would look after and provide for them. She got the money to deposit in a Kansas City bank because she told him she could get four per cent. whereas he was getting only two per cent. in Arkansas banks. If any of this money was ever deposited in Kansas City, it was not deposited in his name and no interest return was ever sent him by any bank there. The undisputed fact is that she converted the money to her own use. She says he gave it to her, and that she could use some of it in her business. She also says she got the second deed from her father in August, 1939, because she wanted to mortgage the land for $600 and could not do so with the life estate outstanding; that of the $4,200 given her by her father she had only $2 left. By her own testimony as to what the consideration for the deed was, she says she was to support her father. She was asked: "Q. What were you supposed to do?" and answered: "Take it and take care of him as long as he lives. I was to invest some of it in my business as to be better able to take care of him; I was supposed to do whatever I thought best; that was the understanding."

Now the fact is she has not done much toward support for appellants. As said in *Edwards* v. *Locke,* 134 Ark. 80, 203 S. W. 286, and cited with approval in *Swetcoff* v. *Felts,* 197 Ark. 876, 125 S. W. 2d 468, and other cases, the rule is "that an intentional failure upon the part of the grantee to perform the contract to support, where that is the consideration for a deed, raises the presumption of such fraudulent intention from the inception of the contract and, therefore, vitiates the deed based on such consideration." By making way with all the money she got from her father, including that realized from the mortgages, she has put it beyond her power to support, and by the mortgage on the 80-acre home in the form of a deed with a contract to redeem on August 4, 1940, on which she has made default, she has virtually deprived her father and stepmother of a home in which

she might take care of them. Not only does the presumption of fraud from intentional failure to support justify a cancellation of the deed to her, but all the other facts and circumstances show she had the fraudulent purpose from the beginning to get everything her father had and make way with it not only to the exclusion of her brothers and sisters, but to the pauperism of her own father as well. The deed to her should be canceled.

As to the two mortgages mentioned, it appears to us that they were taken in good faith, as also the lease to Lowe and without notice of the fraud practiced upon appellants in acquiring the paper title mentioned, and that appellees, Lowe and Long, will have to be protected to the extent of their loans with interest as also the lease to Lowe, rentals thereunder hereafter accruing or now due to be paid to appellant, and that a reasonable time from the date this judgment becomes final should be allowed appellants to redeem therefrom, not less than six months. Also that a judgment should be rendered against appellee, Addie Williams Josey, for the full amount of the money she has had and received from her father, with interest.

The decree will be reversed and the cause remanded with directions to enter a decree in accordance with this opinion, and for such further proceedings as may be necessary to enforce the rights of the parties hereto according to law, the principles of equity and not inconsistent with this opinion.